ARCHER SHEPARD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Decision filed July 19, 1928.

*William H. Malone*, for Plaintiff in Error;

*Fred H. Davis, Attorney General*, and *Arthur Gomez*, State Attorney, for the State.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the

judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the circuit court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BUFORD, J.—This case originated before the County Judge of Monroe County by a complaint being filed as the basis of a bastardy proceeding against Archer Shepard. On hearing, the accused was committed to the circuit court, where later trial was had resulting in conviction and judgment.

On the trial in the circuit court it was shown that the accused was a minor and unmarried and that no notice had been given his parent or guardian of the proceedings before the county judge. It is contended that such notice was essential to the validity of the proceedings, under Sec. 6028, Rev. Gen. Stats., 1920.

Section 6028, Rev. Gen. Stats. 1920, requires notice to be given parents or guardians prior to the trial of any minor on any charges filed in any court of this State. The hearing in a bastardy case before a county judge or a justice of the peace is not a trial, but constitutes at most a preliminary investigation which may result in a trial if the evidence before the magistrate is such as to warrant the accused being held for trial in the circuit court. Therefore, this contention of the plaintiff in error is not valid and the motion to quash the proceeding on that ground was properly overruled.

It is next contended that the trial in the circuit court

was void because no guardian *ad litem was* appointed to represent the accused in that trial. The record in this case shows that prior to the trial in the circuit court Mrs. Sallie Lundquest filed an affidavit in that court in the following language:

"Before me, the undersigned authority, personally appeared Sallie Lundquest, who being first duly sworn, deposes and says: My name is Sallie Lundquest. I am the mother and legal guardian of Archer Shepherd. He is 19 years of age and unmarried. I reside in the City of Key West, Monroe County, Florida. I have never been notified by any summons or otherwise of any charge made against Archer Shepherd by any court, court officer or in any manner advised of the charge, the time of hearing before the county judge, or the time of the examination before the county judge. I have not been notified by any court or any court officer of the time, or any summons or writ from any court of any hearing or trial before the circuit court or any other court in the State of Florida, or anywhere else."

This affidavit appears to have been filed with a motion to dismiss the cause on the 20th day of October, 1927, and thereupon the court ordered a notice to be served on Sallie Lundquest in the following form:

"The State of Florida,
     vs.                           Bastardy.
Archer Shepherd.
        To Mrs. Sallie Lundquest,
           Key West, Fla.

You are hereby notified that your son, Archer Shepherd, a minor and not married, is charged in the Circuit Court of the Twentieth Judicial Circuit of Florida,

which is now in session in Key West, Florida, by Edith Hilton, with the offense of Bastardy, and the case will be called for trial at this Term of the Court.

> D. Z. Filer,
> Clerk, Circuit Court, Monroe County, Florida.''

And the return upon such notice as made by the Sheriff, is as follows:

''Received this notice or summons this 20th day of October, 1927, and served the same on the 20th day of October, 1927, by reading the original to the within named Mrs. Sallie Lundquest in Key West, Monroe County, Florida.

> Cleveland Niles, Sheriff,
> By Dalbert Bethel,
> D. Sheriff.''

On the 22nd day of October, 1927, the cause came on for trial the accused being present in person and by his counsel.

A Bastardy proceeding becomes a civil action when it reaches the circuit court, but the statute and rules controlling service of process, as in other civil actions, do not apply to such cases and in the very nature of the case may be found the reason for the non-application of such statutes and rules.

It appears from the record in this case that as soon as the trial judge was advised that the accused was under twenty-one years of age and that his mother, Sallie Lundquest, resided in Monroe County and was the legal guardian of Archer Shepherd, that he thereupon caused notice to be served upon her by a proper officer of the Court, which notice appears to have been reasonably sufficient to have brought her into court to assist in his defense.

In Price et al, v. Winter, 15 Fla. 66, this Court say:

"Where service of process is made upon the general guardian of the infant, he appears and makes the defence required by the statute and is heard by the court as the representative of the infant, such action is equivalent to his appointment as guardian *ad litem*."

In the instant case there is no showing that the natural and legal guardian was present during the trial but her own affidavit, and the affidavit of the accused, shows that she participated in his defence by presenting her affidavit in support of a motion to dismiss the cause in the circuit court and that the accused was there, present in person and by able counsel.

It appears to this Court that if it was necessary for the minor in this case to have the benefit of a guardian in the trial in the circuit court then the action of the circuit court in ordering notice to be served in the manner above stated upon the individual who had filed affidavit in that court that she was the mother and legal guardian of the accused was equavilent to the appointment of a guardian *ad litem* and, therefore, the law requiring such procedure if applicable to cases of this kind was substantially complied with and no reversible error hath occurred.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.